# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AVETIS SARKIS KOSHKARYAN,**<br><br>Plaintiffs<br><br>v.<br><br>**CAROLYN KUHL, et al.,**<br><br>Defendants | CASE NO. 1:17-CV-0443 AWI MJS<br><br>ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING MATTER AS FRIVOLOUS<br><br>(Doc. Nos. 2) |

On March 27, 2017, Plaintiff filed this matter that purports to be a civil rights lawsuit. Plaintiff is proceeding pro se and is a prisoner at Pleasant Valley State Prison. Plaintiff captions his complaint as "AVETIS SARKIS KOSHKARYAN, registered trade name/business entity, and Koshkaryan, Avetis Sarkis, registered trade name holder and real party in interest." Plaintiff names as Defendants Carolyn Kuhl, Carolyn Kuhl's husband, Jackie Lacey, and Jackie Lacey's husband. An exhibit to the Complaint includes of a certificate of service that names Carolyn Kuhl as "dba presiding judge," and names Jackie Lacey as "dba prosecutor." An address of 14400 Erwin St., Van Nuys, CA is listed. The address 14400 Erwin St. is the location of the Los Angeles Superior Court in Van Nuys, CA.[1] Carolyn Kuhl is a judge on the Los Angeles Superior Court.[2] Jackie Lacey is the District Attorney of Los Angeles County.[3] Plaintiff now moves to proceed in this case *in forma pauperis*. For the reasons that follow, the motion will be denied and this case will be closed.

---

[1] The Court takes judicial notice under Fed. R. Evid. 201 of the following website: http://www.lacourt.org/courthouse/info/LAV

[2] The Court takes judicial notice under Fed. R. Evid. 201 of the following website: https://www.lacourt.org/judicialofficers/ui/SearchResult.aspx.

[3] The Court takes judicial notice under Fed. R. Evid. 201 of the following website: http://da.co.la.ca.us/about/meet-the-da.

*Factual Background*

The Complaint is not a model of clarity. Plaintiff purports to grant his name (Koshkaryan, Avetis Sarkis) and his registered trade name "AVETIS SARKIS KOSHKARYAN" to the court for the future return of interest. Plaintiff also makes claim to his free will and right of dominion over his own body, blood, DNA, all properties, and all hereditaments. Plaintiff states that he is a "private, non-statutory, non-citizen, de jure American in the de jure original jurisdiction, not a 'person,' not a 'citizen,' not named in an U.S. or state 'code,' and not a 'person' as defined in the Trading With The Enemy Act . . . ." Plaintiff states that Carolyn Kuhl is being sued in her personal capacity because she was "operating in her ministerial capacity, enforcing statutes . . . ." Plaintiff states that this case began as a civil rights lawsuit, but "has now been reduced to a breach of contract as all defendants admitted, via their own willful and voluntary default on the administrative process, that they are guilty and they owe the amount requested by the plaintiffs, and they failed to object or state any claim to immunity." Plaintiff states that Defendants refused to respond to various documents that he served upon them, and that he has "established 'judicial estoppel' against Defendants, as evidence by the Certificate of Dishonor/Administrative Judgment Nihil Dicit, testified to by Eileen Raye, a public minister . . . ." The documents served on Defendants claim to be an "Affidavit of Obligation [which] is a commercial instrument . . . ." Plaintiff request $78,340,000.00 in damages.

*In Forma Pauperis Framework*

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989); DeRock v. Sprint-Nextel, 584 Fed. Appx. 737 (9th Cir. 2014); see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). "A

district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati, 821 F.2d at 1370. However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

*Discussion*

It is apparent that Plaintiff is attempting to use non-applicable law to either obtain his release from custody, or obtain money from the judge and prosecutor of his criminal conviction.

The nature of the Complaint indicates that Judge Kuhl would be entitled to absolute judicial immunity against Plaintiff's claims. See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996). Because of the nature of judicial immunity, amendment with respect to Judges Kuhl would be futile. Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).

The nature of the Complaint also indicates that District Attorney Lacey is entitled to absolute prosecutorial immunity. See Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009). Because of the nature of prosecutorial immunity, amendment with respect to District Attorney Lacey would be futile. See Smith v. Delaware, 624 Fed. Appx. 788, 790-91 (3d Cir. 2015); Lopez v. County of L.A., 2016 U.S. Dist. LEXIS 1339, *21 (N.D. Cal. Jan. 5, 2016); Douglas v. Miller, 864 F.Supp.2d 1205, 1221 (W.D. Ok. 2012).

Moreover, no plausible cause of action is alleged in the Complaint.[4] The allegations and apparent theories for Plaintiffs' claims are specious and fanciful. Plaintiff attempted to create unilateral liability by sending what purports to be a commercial paper, specifically an "affidavit of obligation for claim upon public hazard bonds demand for release," to a sitting superior court

---

[4] The Court notes that Plaintiff cites 42 U.S.C. §§ 1981 and 1985, but no factual allegations support plausible claims under these statutes.

judge and the district attorney of Los Angeles. Plaintiff's complaint is reminiscent of the discredited "sovereign citizen" movement. Cf. Leiter v. Kenney, 2016 U.S. Dist. LEXIS 172482 (D. Minn. Oct. 26, 2016); Smithson v. York Cnty. Ct. of Common Pleas, 2016 U.S. Dist. LEXIS 102674 (M.D. Pa. Aug. 3, 2016); Payne v. Kilda, 2016 U.S. Dist. LEXIS 14968 (E.D. Mich. Jan. 6, 2016); Alexio v. Obama, 2015 U.S. Dist. LEXIS 168035 (D. Haw. Dec. 16, 2015); Nunez v. D.T.C., 2013 U.S. Dist. LEXIS 138514, *6 (D. S.C. Aug. 30, 2013). Because the allegations and bases for the Complaint's theories are frivolous, amendment would be futile. See id.

Plaintiffs' claims are specious and frivolous, and no plausible claims are alleged. See Neitzke, 490 U.S. at 325; Tripati, 821 F.2d at 1370. Because amendment would be futile, the Court will deny Plaintiffs' motion to proceed *in forma pauperis* and dismiss this case. See 28 U.S.C. § 1915(e); Rodriguez, 795 F.3d at 1188; Minetti, 152 F.3d at 1115; Tripati, 821 F.3d at 1370.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. Nos. 2) is DENIED;
2. This case is DISMISSED as frivolous and for failure to state a claim; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   March 31, 2017                              _____
                                                                     SENIOR  DISTRICT JUDGE